8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Lee TUCKER, Defendant-Appellant.
 No. 93-10126.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 17, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnny Lee Tucker was charged with possessing cocaine base with intent to distribute and with aiding and abetting the possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Tucker pleaded guilty and the district court sentenced Tucker to 121 months imprisonment, in addition to 60 months on a related firearms charge. The 121-month term was based on the statutory minimum sentence required under 21 U.S.C. § 841(b)(1)(A)(iii). Tucker claims that section 841(b) should not have been triggered because he did not have notice of the government's intent to seek the enhanced sentence. The appellant seeks remand to the district court for resentencing without the ten-year mandatory minimum sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We review the sufficiency of the indictment do novo. United States v. Dischner, 974 F.2d 1502, 1518 (9th Cir.1992), cert. denied, --- U.S. ---- (1993); United States v. Tuohey, 867 F.2d 534, 536 (9th Cir.1989).
 
 II
 
 4
 Tucker alleges that the imposition of the 121-month sentence violated due process because the government did not provide notice that section 841(b)'s ten-year minimum sentence could apply. There are two flaws in Tucker's argument. First, due process does not require that a defendant be informed of the government's intent to seek sentence enhancement. Although, at the time this appeal was taken, the court had "not previously decided if a defendant is entitled to notice of the government's intent to seek the enhanced penalties provided in § 841(b)," United States v. Arias-Villanueva, No. 91-30393, slip op. 7581, 7609 (9th Cir. July 20, 1993), this circuit has since resolved the issue. Id.
 
 
 5
 In Arias-Villanueva, this court held that section 841(b) does not require notice of enhancement penalties based upon the drug quantity. The appellants in that case relied on the explicit notice requirement for enhancement based on prior convictions in 21 U.S.C. § 851. However, we held that "[w]hile some sort of notice is required at sentencing in order to satisfy due process, there is no basis for adopting a judicial rule similar to § 851" for drug quantity. Id. at slip op. 7609. (citations omitted). This court concluded that "if a defendant received sufficient notice and had an opportunity to dispute enhancement based on quantity at the time of sentencing, due process is satisfied." Arias-Villanueva, at slip op. 7610. Thus, the appellant's argument in this case that the government had to provide notice of the sentence enhancement in the indictment is incorrect.
 
 
 6
 Second, even if due process did require notification of sentence enhancement, Tucker was sufficiently put on notice about the mandatory minimum sentence. The plea agreement which the defendant signed provided adequate notice in this case. In paragraph five, defendant acknowledged that he was in possession of approximately 250 grams of cocaine with the intent to sell it. Paragraph six specifically advised Tucker of the ten-year mandatory minimum sentence. Both the amount of cocaine and the minimum sentence were repeated when the defendant entered his guilty plea. This is adequate notification to satisfy due process.
 
 
 7
 We need not reach the government's argument that Tucker waived his rights to make these due process arguments by pleading guilty. Intervening case law makes it clear that Tucker's due process rights were not violated, so the waiver question is irrelevant.
 
 III
 
 8
 Tucker's right to due process was not violated because the law of this circuit states that notification of sentence enhancement in the indictment is not necessary. Furthermore, even if notice were required, Tucker received sufficient notice in his plea agreement. Accordingly, we
 
 
 9
 AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3